## State v. Jones.

*Holmes* and *Jones* agreed to purchase a schooner on joint account. *Holmes* gave *Jones* his note for
one-half the purchase money to be delivered to the owner of the schooner, which note *Jones* con-
verted to his own use. *Held:* This was a breach of trust under the Statute of March 8th, 1845.

APPEAL from the First District Court of New Orleans, *Larue*, J.
A. P. *Field* and *Morse*, Attorney General, for the *State*. *VanDalsen*, for
defendant and appellant.

Ogden, J. The defendant having been indicted and convicted of a breach of
trust, under the Statute of the 8th of March, 1845, brings the case up on an ex-
ception to the refusal of the Judge below to charge the jury, that if they be-
lieved from the evidence that there was an agreement between *Holmes*, the pro-
secutor, and the defendant to purchase a schooner on joint account, and that
*Holmes* had placed a note in defendant's hands to be delivered to the owner of
the schooner, in payment of his half of the price, but which note the defendant
had not delivered, but negotiated, then it was not a breach of trust under the
Statute.

The court refused to give that charge on the ground that it did not apply to
the case, and correctly charged the jury what are the essential ingredients to
constitute the offence.

We think the court did not err. The agreement between *Holmes* and *Jones*
to purchase the schooner on joint account did not deprive the transaction of the
character of an agency, undertaken by *Jones* for *Holmes* in purchasing the one-
half interest in the schooner for him.

The judgment of the court below is therefore affirmed with costs.